UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAREN RICKMAN,

                       Plaintiff,

          -against-

BAMIDELE D BENSON and TPINE LEASING
CAPITAL LP,

                     Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/1/2026_____

25 Civ. 10367 (AT)

**ORDER**

ANALISA TORRES, District Judge:

      On August 7, 2025, Plaintiff, Karen Rickman, commenced an action in New York Supreme Court, Bronx County, alleging various tort claims relating to an automobile accident which occurred in March 2024 in the Bronx. *See* Compl., ECF No. 1-1 at ¶¶ 22 *et seq.* On December 15, 2025, Defendants removed the action to federal court on the basis of diversity jurisdiction. *See* Notice of Removal, ECF No. 1 (citing 28 U.S.C. § 1446(a)).

      Plaintiff, a citizen of New York, moves to remand the action to state court under 28 U.S.C. § 1447(e). *See* Mot. at 2, ECF No. 8. Plaintiff seeks permission to join Daystar Cargo, LLC ("Daystar") as a defendant and claims that adding Daystar as a defendant would destroy diversity and require remand because Daystar "is a New York Citizen." *See id.* at 1–2, 5. Defendants oppose. *See* Opp., ECF No. 9.

      For purposes of diversity jurisdiction, an LLC takes the citizenship of its members, not its principal place of business. *Bayerische Landesbank, New York Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 49 (2d Cir. 2012); *Kenshoo, Inc. v. Aragon Advertising, LLC*, 586 F. Supp. 3d 177, 182 (E.D.N.Y. 2022). Daystar is an LLC. *See* Opp. ¶ 13; Mot. Ex. C, ECF No. 8-3. Its sole member is David Benson, a citizen and resident of South Carolina. *See* Opp. ¶¶ 20–21; ECF No. 9-2 (affidavit of David Benson). Plaintiff does not contest Defendants' representations concerning Daystar's membership or David Benson's citizenship. *See* Mot.; Reply, ECF No. 10. Instead, she asserts that "[i]f joinder destroys diversity, remand follows," and argues that joinder of Daystar is merited. *See* Reply at 1–3.

      The Court finds that Daystar is a citizen of South Carolina, and the addition of Daystar as a party would not defeat diversity in this case, as Plaintiff is a citizen of New York. *See* Compl. ¶ 1; 28 U.S.C. § 1332(a)(1). Remand is, therefore, not warranted under 28 U.S.C. § 1447(e), Plaintiff's sole basis for remand. *See LeChase Constr. Servs., LLC v. Argonaut Ins. Co.*, 63 F.4th 160, 162–63 (2d Cir. 2023) (holding that unless joinder destroys diversity, a court may not remand an action under § 1447(e) solely to consolidate it with a related state court case).

Accordingly, Plaintiff's motion to remand is DENIED, without prejudice to any future motion to add Daystar as an additional party.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 8 and 10.


SO ORDERED.

Dated: June 1, 2026
      New York, New York

ANALISA TORRES
United States District Judge

2